**BEARD'S ERIE BASIN, Inc., v. O'BRIEN BROS., Inc., et al.**

**O'BRIEN BROS., Inc., v. MORAN TOWING CORPORATION et al.**

No. 259, Docket 20582.

Circuit Court of Appeals, Second Circuit.

May 28, 1947.

Christopher E. Heckman and Foley & Martin, all of New York City, for O'Brien Bros.

Chauncey I. Clark and Burlingham, Veeder, Clark & Hupper, all of New York City (Frederic Conger, of New York City, of counsel), for Moran Towing Corporation.

Nelson J. Johnson and Hagen & Eidenbach, all of New York City, for Beard's Erie Basin, Inc.

Leo F. Hanan, of New York City, for Pittston Stevedoring Corp.

Before L. HAND, CHASE, and CLARK, Circuit Judges.

PER CURIAM.

Article Four of the libel in the suit of Beard's Erie Basin v. O'Brien Brothers alleged that the scow "was unseaworthy" (presumably when she sank). The answer of O'Brien Brothers denied this allegation and then affirmatively alleged that the scow was seaworthy, when delivered on charter to the Moran Company. In its petition impleading the Moran Company, O'Brien Brothers also alleged—Article Fifth—that the scow was seaworthy when delivered, and this the Moran Company denied in its answer; as it also denied the allegation in the libel that the scow was unseaworthy when she sank. The Moran Company added affirmatively in its answers both to the libel and the petition that the scow was "improperly loaded" by the stevedores "and as a result capsized"; an allegation which

that company repeated in its petition impleading the stevedores. This the stevedores denied in their answer to the Moran Company's petition, and affirmatively alleged that the scow was unseaworthy when "furnished"—presumably to the stevedores. In the suit of O'Brien Brothers v. Moran Company, D. C., 66 F.Supp. 614, the libellant alleged in Article Sixth of its libel that the scow was seaworthy when delivered on the charter. The Moran Company denied this—Article Sixth of its answer—and added affirmatively—as in the other suit—that the scow had been improperly loaded "and as a result she capsized"—Article Thirteenth.

At the trial O'Brien Brothers upon its prima facie case called only one witness, whose testimony was relevant only to the seaworthiness of the scow when delivered. When it rested, the judge said: "You are not only relying on the presumption but on the fact that she was actually doing work and was carrying five hundred tons on those trips to demonstrate the seaworthiness?" To this the advocate answered: "That's right." After the Moran Company and the stevedores had put in their evidence, O'Brien Brothers called an expert who was examined at great length, and two other short witnesses; and it then concluded its case with the bargee who was on the scow until she was delivered on the charter, and whose testimony was relevant only on the issue of seaworthiness. Before swearing this witness—the last in the case—the following colloquy took place: "The Court: This is on your proof of seaworthiness and so forth? Mr. Heckman: Yes, sir. Of course, the charterer alleges that the damage was due to improper loading. I have no issue to meet of unseaworthiness." That was the first intimation that the issue of seaworthiness was not in the case.

That from the outset it had in fact been raised in the pleadings appears from the analysis we have just made; for it would be to the last degree unreasonable to suppose that the Moran Company, after expressly denying the allegation, would have withdrawn it when it charged the stevedores with fault. The language of the affirmative allegation did not in fact contradict the denial. To say that the scow

was "improperly loaded" and capsized "as a result" did not imply anything whatever as to its seaworthiness. An unseaworthy scow may not capsize until she is improperly loaded; there may be more than one cause for her collapse, as for any other event. Furthermore, from the course of the trial it became evident that O'Brien Brothers thought the issue open; at least until they said to the judge what we have quoted. If they then really meant what they now say they did, it was idle to call the bargee.

On the merits plainly the judge's findings were not "clearly erroneous."

Decrees affirmed.